IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANIEL RAY BROWN                                                                                    PLAINTIFF

      v.                                   Civil No. 10-3052

SHERIFF DANNY HICKMAN;
JASON DAY, Jail Administer,
Boone County Detention Center;
and BOONE COUNTY, ARKANSAS                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      Plaintiff, Daniel Ray Brown (hereinafter Brown), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

      The events that are the subject of this action occurred while he was incarcerated in the Boone County Detention Center (BCDC). Plaintiff maintains Sheriff Danny Hickman and Jail Administrator Jason Day unconstitutionally charge inmates for hygiene products and medical services despite the existence of a Boone County Pay-for-Stay Ordinance.

      A motion for summary judgment has been filed on behalf of the Defendants (Docs. 23, 24 & 25). To assist Plaintiff in responding to the summary judgment motion, a questionnaire was prepared (Doc. 51). Plaintiff filed a response to the questionnaire (Doc. 53). The summary judgment motion is now ready for decision.

### 1. Background

      Brown was incarcerated in the BCDC from April 30, 2010, until May 26, 2010, on a charge of obstruction of governmental operations and on a parole violation hold. *Defendants' Exhibit* (hereinafter *Defts' Ex.*) 1; *Plaintiff's Response* (Doc. 53) at ¶ 1 (hereinafter *Resp.*). Because Boone

County already has a pay for stay program in place, Brown claims that it is unconstitutional for Sheriff Hickman: (1) to charge inmates for hygiene items; and (2) to charge for medical services including sick calls, prescription medications, and over-the-counter medication. *Resp.* at ¶ 3.

Arkansas Code Annotated § 12-41-505(a) provides in relevant part as follows:

(1) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he or she shall be convicted, shall pay the expenses in carrying him or her to jail and also his or her support from the day of his or her initial incarceration for the whole time he or she remains there.

(2) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.

Ark. Code Ann. § 12-41-505(a)(2011).

Pursuant to § 12-41-505(a), Boone County enacted a Pay-for-Stay Emergency Ordinance No. 2005-27. The Ordinance allows Boone County to assess a Pay-for-Stay fee for each day spent in the BCDC . (Doc. 31-1 at pgs. 10-11). The ordinance allows the County to recover the following costs: (1) $5.00 per prisoner for "carrying" the prisoner to the Boone County Jail; and (2) $35.00 per day for room and board. *Id.* The ordinance requires the Sheriff to deliver an invoice for these costs to the prosecutor and the assigned Judge, after hearing the detainee's side of the story regarding the imposition of the Pay-for-Stay ordinance, may impose these costs as a part of judgment upon conviction. *Id.* The ordinance contains no provisions regarding the cost of providing medical care or hygiene items to detainees. *Id.*

Brown does not contend the ordinance itself is unconstitutional. *Resp.* at ¶ 4(A). Brown was provided with hygiene items whether or not he had money in his inmate account. *Id.* at ¶ 5(A). He was never denied hygiene supplies. *Id.* at ¶ 5(B). However, he was billed for the products. *Id.* at ¶ 8.

Brown was provided with medical care including medications, prescription or over-the-counter, whether or not he had money in his inmate account. *Resp.* at ¶ 6(A). He was never denied medical care or medication because he had no money in his account. *Id.* at ¶ 6(B). However, he was charged for the medical services. *Id.* at ¶ 8.

Brown was asked to explain in detail how he believed the collection of funds for hygiene products and medical care costs is unconstitutional. He responded:

> Inmates are held against their will, have no jobs, and often are found not guilty. Pay for Stay $35/day should include hygiene products. Sheriff Hickman receives funds for holding prisoners for other agencies. He should not bill inmates' accounts. A judge does not render this into judgment. Sheriff Hickman has no indigent program, provides no receipts and often has taken money from inmates without providing the items. Inmates are put under financial strain. Sheriff Hickman receives [over the counter] meds for pennies, and razors for free and profits from high prices.

*Resp.* at ¶ 7.

According to materials produced during discovery, the following reflects the cost of various over-the-counter medications to the jail and the amount charged to inmates (Doc. 46-1 at pg. 16):

| Item | Cost to the Jail | Cost to the Inmate |
|---|---|---|
| Aspirin | $0.01 | $0.30 |
| Tylenol | $0.01 | $0.40 |
| Ibuprofen | $0.01 | $0.35 |
| Benadryl | $0.02 | $0.50 |
| Antacid | $0.03 | $0.25 |
| Medique (pain relievers) | $0.05 | $0.75 |
| Stool Softener | $0.01 | $0.20 |

The costs associated with various hygiene products is as follows (Doc. 46-1 at pg. 28):

| Item | Cost to the Jail | Cost to the Inmate |
|---|---|---|
| Toilet Paper | $0.49 | $0.50 |
| All-in-One (shampoo, body wash & shaving cream) | $0.32 | $1.10 |
| Toothpaste | $0.49 | $0.15 |
| Toothbrush | $0.17 | $0.30 |
| Comb | $0.29 | $0.50 |
| Deodorant | $0.34 | $0.45 |
| Razors | Free (donated item) | $0.25 |

**2.  Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling on a summary judgment motion, the Court cannot weigh the evidence or resolve disputed issues of fact in favor of the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

"[A] disputed fact alone will not defeat summary judgment, rather there must be a genuine issue of material fact.  To be material, a fact must affect the outcome of the suit under the governing law." Torgerson v. City of Rochester, 643 F.3d 1031, 1051 (8th Cir. 2011)(internal quotation marks and citations omitted).

**3.  Discussion**

Defendants maintain they are entitled to judgment in their favor for the following reasons: (1) detainees have no constitutionally protected right to enjoy free medical care; and (2) detainees have no constitutionally protected right to free hygiene supplies.

With respect to the charges for over-the-counter medication and other medical services, I do

not believe a constitutional claim is stated. While the Eighth Amendment's prohibition against cruel and unusual punishment requires jails to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost. *See e.g., Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd Cir. 1997)(deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in society). Inmates may be constitutionally required to pay for their own medical expenses, if they can afford to do so. *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999); *see also Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001)(Prison inmate may file replevin action in state court to recover money taken from his prison account); *Jensen v. Klecker*, 648 F.2d 1179, 1183 (8th Cir. 1981)(no basis for due process claim where deductions from prisoner accounts were assessments for value received). In this case, Brown received medical care whether or not he had money in his account. *Resp.* at ¶ 6(A). He therefore was not denied medical care due to its cost.

Similarly, while inmates have a right to personal hygiene supplies, inmates may be required to pay for these supplies if they can afford to do so. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Brown received hygiene supplies whether or not he had sufficient funds in his account to pay for them. *Resp.* at ¶ 5(A).

With respect to Brown's clam the deductions had the effect of double charging the inmates due to the Boone County ordinance authorizing a $35 per day pay-to-stay fee, I find the claim to be without merit. The ordinance is based on the average cost of housing a prisoner. This cost naturally includes having space available within the jail, utilities, personnel, the provision of food and clothing, etc. Even if the charges for hygiene and medical care services violated the ordinance, I find no claim of constitutional dimension is stated. *See e.g., Dahlen v. Shelter House*, 598 F.3d 1007 (8th Cir.

2010)(violation of state statute does not necessarily give rise to federal constitutional claims); *Booker v. City of St. Louis*, 309 F.3d 464, 467 (8th Cir. 2002)(violation of a municipal ordinance does not establish a constitutional violation for purposes of § 1983).

### 4.  Conclusion

For the reasons stated, I recommend that the summary judgment motion (Doc. 23) be granted and this case dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of August 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE